**COVENTRY CREDIT UNION**

v.

**F.D. McGINN, INC. et al.**

**No. 92–315–Appeal.**

Supreme Court of Rhode Island.

March 11, 1993.

ORDER

This matter was before the Supreme Court pursuant to an order issued to both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Defendant, Somerville Lumber Company, has appealed from the granting of the plaintiff credit union's petition to foreclose on its construction loan mortgage. Somerville holds a mechanic's lien on the mortgaged property.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of the court that cause has not been shown. The trial justice correctly concluded that pursuant to § 34–28–16.1 the court "shall grant" the petition to foreclose provided the statutory criteria have been met, those being: that the mortgage have priority over other liens; that the mortgage be valid; and that the mortgage be in default. The trial justice also correctly ruled that § 34–27.1–1 does not address the situation in this case and that this court has held that § 34–27.1–1 does not authorize a construction lender to make direct payments to a sub-contractor. *Smithfield Peat Co. v. Scott–Lee Construction Co.*, 525 A.2d 495 (R.I.1987).

For these reasons, defendant's appeal is denied and dismissed. The order appealed from is affirmed and the papers of the case are remanded to the Superior Court.

■

**Esther GRIFFIN**

v.

**WOMEN & INFANTS HOSPITAL OF RHODE ISLAND.**

**No. 92–286–Appeal.**

Supreme Court of Rhode Island.

March 11, 1993.

ORDER

This case came before this court for oral argument on March 1, 1993, pursuant to an order directed to the defendant, Women & Infants Hospital of Rhode Island, to appear and show cause why we should not summarily deny the defendant's appeal. After hearing the arguments and reviewing the memoranda of counsel, we believe the defendant failed to show cause.

The issue on this appeal is whether there was sufficient evidence at trial to a support a jury finding that an associate vice president of Women & Infants Hospital held either the actual or apparent authority to bind the hospital to a contract to pay plaintiff $18,378.78 for accrued compensatory time, vacation time, sick time and holiday time. The trial justice concluded that there was sufficient evidence on both sides of the case to render this question appropriate for resolution by the jury. We believe the evidence clearly supports the trial justice's decision to place this case before the jury.

We deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court.

FAY, C.J., did not participate.